
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for
RKs
JUN 21 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER GEORGE HAMILTON, ) | |
| ) | Case No. 7:06CV00682 |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| HOWARD ARTHUR, ) | |
| SUPERINTENDENT ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Respondent; ) | |
| ) | |

Petitioner Christopher George Hamilton ("Petitioner"), a Virginia inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. The Respondent, Howard Arthur, Superintendent of the Virginia Department of Corrections ("Respondent") has filed a Motion to Dismiss. The parties have briefed the issues, and I find that oral argument is unnecessary and would not significantly aid the decisional process. For the reasons stated below, the Respondent's Motion to Dismiss shall be **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Petitioner is challenging his incarceration after being tried and convicted of one count of distributing a controlled substance and one count of conspiracy to distribute a controlled substance. Va. Code §§ 18.2-248,-256 (2007). His conviction stems from the events of July 23, 2003. On that day Harold Clemmons conducted a controlled drug purchase as a confidential informant for law enforcement. Clemmons asked James Mills, a co-defendant of the Petitioner, to provide a half ounce of cocaine. Mills then contacted the Petitioner who said that he had cocaine to sell. Mills arranged to meet Clemmons and Kevin Coffman, an undercover officer

participating in the sting operation, at a convenience store. There, Coffman gave Mills $300 which was half of the purchase price for the drugs. Mills testified that he took the money and approached the Petitioner and asked him where the drugs where. According to Mills, Hamilton told him that the drugs were in a shoe in Hamilton's pick-up truck. Mills put the money in the shoe and removed the drugs. Mills then gave the drugs to Coffman who paid Mills an additional $300. Mills returned to Hamilton's truck, deposited $200 in the shoe, and then went to the convenience store in order to break the $100 bill given him by Coffman. Police officers moved in and arrested Mills and the Petitioner at that point.

Police officer Amanda Baker took possession of the cocaine from Coffman. At trial, she testified that she handed the cocaine to police officer Raymond Floyd who was also present during the arrest. Floyd field tested the cocaine and then sealed it in a bag. At trial, Baker testified that the cocaine was packaged exactly the way she remembered it on the day of the arrest. After the field test, Floyd gave the evidence to the case agent, officer Carl Voskamp. Voskamp testified that, other than taking the evidence to lab for analysis, it was in his exclusive possession.

At trial, the Petitioner claimed to know nothing of the drug sale. His co-defendant, Mills, pled guilty to the charges. Mills testified that Hamilton pestered him to make a statement that exculpated Hamilton. Mills relented and allowed Hamilton to videotape Mills making such statements. At trial, Hamilton testified that he did not know of Mills' drug transactions and had met Mills at the convenience store for unrelated reasons. He further testified that he left his truck to use a nearby payphone and did not return to the truck until after his arrest.

Based on the testimony of those mentioned above, Hamilton was convicted by a jury. He was sentenced to serve an active term of nine years by the Circuit Court of Clarke County on

October 26, 2004. Hamilton appealed his conviction to the Court of Appeals of Virginia and was denied on August 8, 2005. Record No. 2675-04-4. The Supreme Court of Virginia refused his petition for appeal on November 16, 2005. Record No. 051794.

On March 9, 2005, Hamilton filed a petition for writ of habeas corpus with the state, which was dismissed on August 24, 2006. Record No. 060468. In this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254, Hamilton states five grounds for attacking his detention:

A. His Fourteenth Amendment right to Due Process was violated by the admission of the D.U.I. conviction of a different Christopher Hamilton during the sentencing phase of his trial.

B. His due process rights were violated because the controlled substance evidence at trial was not supported by a sufficient chain of custody.

C. His conviction for distributing cocaine was not supported by sufficient evidence, and the Commonwealth did not provide exculpatory evidence, in violation of his Fourteenth Amendment right to due process.

D. His conviction for conspiracy to distribute cocaine was likewise not supported with sufficient evidence

E. His Sixth Amendment right to effective assistance of counsel was denied because

    1. His attorney failed to object to the admission of the D.U.I. conviction for a different Christopher Hamilton;

    2. His attorney failed to move to suppress evidence based on an illegal search of his truck;

    3. His attorney failed to inspect all the evidence;

4. His attorney failed to move to suppress the cocaine and the certificate of analysis pre-trial due to an insufficient chain of custody;

5. His attorney failed to subpoena witnesses for trial;

6. His attorney failed to move for continuance when defense witnesses were absent at trial;

7. His attorney failed to review the Pre-Sentencing Investigation Report and inform the court that his guideline range was incorrectly calculated;

8. His attorney failed to move for a Bill of Particulars;

9. His attorney failed to subpoena pictures of his co-defendant's cell phone and of the money used in the drug transaction;

10. His attorney failed to object to the improper change of venue from Frederick to Clarke County; and

11. His attorney failed to fully investigate the charges and agreements between the Commonwealth and its witnesses.

## II. STANDARD OF REVIEW

A district court may grant relief under § 2254 to a petitioner "in custody pursuant to the judgment of a State court" on a "claim that was adjudicated on the merits in State court proceedings" when the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d). "A state court's decision is contrary to clearly established federal law under § 2254(d) where it 'applies a rule that contradicts the governing law set forth' by the United

States Supreme Court or 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [that] precedent.' " *Emmett v. Kelly*, 474 F.3d 154, 160–61 (4th Cir. 2007) (*quoting Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)) (alterations in original). A state court unreasonably applies clearly established federal law when it selects the correct rule from Supreme Court precedent but applies it unreasonably to a prisoner's case. *Id.* The federal courts must presume that the state court's factual determinations are correct. 28 U.S.C.A. § 2254(e)(1). A habeas petitioner bears the burden of rebutting this presumption through clear and convincing evidence. *Id.*

When a court grants a motion to dismiss after considering matters outside the pleadings, the court treats a motion to dismiss as a motion for summary judgment. *Plante v. Shivar*, 540 F.2d 1233, 1234 (4th Cir. 1976). A court possesses inherent power to enter summary judgment *sua sponte*, provided that the losing party has had notice that it must come forward and defend its claim. *United States Dev. Corp. v. People Fed. Sav. & Loan Ass'n*, 873 F. 2d 731, 735 (4th Cir. 1989). On December 22, 2006, this court mailed Hamilton a Roseboro Notice that specifically warned him that if I considered matters outside the pleadings, I might treat the Respondents' Motion to Dismiss as a motion for summary judgment. Thus, it is clear that he had sufficient notice of this possibility for me to consider the motion as one for summary judgment.

Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798

(4th Cir. 1994) (citations omitted). Nevertheless, when the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate; that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

### A. Exhaustion of remedies

Before addressing the claims on their merits, I must first determine if Hamilton has exhausted other remedies. A habeas petitioner must satisfy the statutory requirement of exhausting state remedies before seeking federal habeas relief. 28 U.S.C. §2254(b); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). State remedies are exhausted once they have been either presented to the highest court in the state or defaulted. *Matthews*, 105 F.3d at 911. The Petitioner bears the burden of proving exhaustion. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). The purpose of the exhaustion requirement is to "protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Thus, a state prisoner must fairly present any constitutional issues to the state court before submitting them to federal habeas review. *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994).

The exhaustion requirement is met if the claims are fairly presented to the state's highest court on either direct or collateral review or if a state procedural rule would bar consideration if

the claim was later presented to the state court. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). In order to be "fairly presented," the petitioner must present the substance of his claims during state proceedings by citing the appropriate federal rule and describing the relevant facts. *Id.* at 162-63. Presenting a state law claim that is similar to a federal claim without citing the federal law does not satisfy the exhaustion requirement. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000).

As mentioned above, a claim is considered exhausted if it has been defaulted. *Matthews*, 105 F.3d at 910. A habeas claim is defaulted where a state court has dismissed it under an adequate and independent state rule and therefore declined to reach the merits of the claim. *Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006). A federal court can only hear a claim that was procedurally defaulted in the state court if the petitioner demonstrates cause and prejudice for the default or a fundamental miscarriage of justice. *Id.*

I find that claims A and B and parts of E are unexhausted and therefore I will not consider them on the merits. In claim A, Hamilton asserted that his due process rights were violated because the trial court admitted the D.U.I. conviction of a different Christopher Hamilton during the sentencing phase of his trial.[1] Paul Thomas, the Petitioner's trial attorney, had advance notice of the exhibit but stated that he had no objection to the admission of this evidence. The Virginia Court of Appeals found this claim to be procedurally defaulted under Virginia Supreme Court Rule 5A:18. That rule states that a trial court ruling cannot be considered for reversal unless the ruling was objected to at trial "except for good cause shown or to enable the court of Appeals to

---

[1] The record in question showed a D.U.I. conviction for a Christopher Hamilton who was white, had blond hair and blue eyes, weighed 220 pounds and is six feet tall, and was born in 1953. The Petitioner is black, weighs 150 pounds, is 5'9", and was born in 1972.

attain the ends of justice." VA. SUP. CT. R. 5A:18. This rule has been found to be an adequate and independent state law basis for default. *Clagett v. Angelone*, 209 F.3d 370, 378-79 (4th Cir. 2000). Therefore, this claim is procedurally defaulted.

I could only reach this issue if the Petitioner demonstrates "cause and prejudice for the default or a fundamental miscarriage of justice." *Hedrick*, 443 F.3d at 359. Cause exists where the Petitioner can show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). There has been no showing that Hamilton's counsel was prevented from objecting at trial by some external factor. Indeed, the evidence shows that the both the Petitioner and his attorney had notice of the exhibit in advance and yet raised no objection. Therefore, cause is lacking.

The Petitioner has not argued that failing to address this procedurally defaulted claim would result in a "miscarriage of justice" and so I need not reach this issue. *Burket v. Angelone*, 208 F.3d 172, 183 n.10 (4th Cir. 2000). The Supreme Court has never applied the "miscarriage of justice" exception to a non-capital sentencing error like the one here. *Dretke v. Haley*, 541 U.S. 386, 394 (2004). Instead, the miscarriage of justice exception has only applied to in two types of cases: 1) where a constitutional violation results in the conviction of one who is probably innocent of the crime; 2) where the error makes the petitioner eligible for the death penalty. *Murray*, 477 U.S. at 496 (probable innocence); *Dretke*, 541 U.S. at 393 (death penalty eligibility). As detailed in claim E, it seems that Hamilton was not prejudiced by this error because the court modified his sentence to one year less than the minimum which the jury could have imposed.

Hamilton's claim B is also procedurally defaulted and I cannot address it on the merits.

In his habeas claim, the Petitioner asserts for the first time that the trial court's admission of a certificate of analysis for controlled substances without a sufficient chain of custody violated his federal constitutional rights. Hamilton raised the chain of custody issue in his appeals and in his state habeas petition, but based it on state law. The Petitioner cannot now bring a constitutional claim unless the claim was "fairly presented" while seeking state remedies. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982). Hamilton would now be precluded from presenting his constitutional claims to the state court. Va. Code §§ 8.01- 654(A)(2), -654(B)(2). The Virginia Code sections on the statute of limitations for bringing a state habeas claim and the requirement for bringing all allegations known to the petitioner at one time are both adequate and independent state procedural rules. *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990). Therefore, I must dismiss this claim as procedurally defaulted and exhausted.

Procedural default and exhaustion problems also preclude certain portions of the Petitioner's claim E, which relates to the effectiveness of his trial counsel. I will address all of the issues under claim E separately.

    B.    *Sufficiency of the Evidence*

In claim C, the Petitioner contends that the evidence at his trial was insufficient to sustain his conviction for distribution of cocaine because the conviction was based upon the testimony of his co-defendant who was seeking leniency with his own charges, the other evidence was circumstantial, and the Commonwealth withheld exculpatory evidence. He repeats this argument in claim D with regards to his conviction for conspiracy to distribute cocaine, adding that the Commonwealth failed to prove the agreement element of conspiracy. Va. Code § 18.2-256. These claims fail because the Petitioner has not shown that the jury or the Virginia Court of

Appeals made unreasonable inferences of law or fact.

The correct standard for evaluating a challenge to the sufficiency of the evidence for a habeas petitioner's incarceration is to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" after reviewing the facts in the light most favorable to the prosecution. *Roach v. Angelone*, 176 F.3d 210, 218 (4th Cir. 1999)(quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). I must also assume that all conflicting inferences from the facts were resolved in the prosecution's favor. *Id.* Finally, in reviewing whether the state court's application of these principles was reasonable, I must assume that their decision is minimally consistent with the historical record of facts. *Bell v. Jarvis*, 236 F.3d 149, 159 (4th Cir. 2000).

I agree, as the Virginia Court of Appeals ruled, that the evidence bears out that "the Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt" that Hamilton was guilty of the offenses charged. *Sandoval v. Commonwealth*, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (Va. Ct. App. 1995). Hamilton was not convicted on circumstantial evidence alone as Mills provided direct testimony against him. Mills was cross-examined on whether his testimony was motivated by a desire for leniency. The Petitioner argues that the Commonwealth did not provide exculpatory evidence, but gives no example of what such evidence might be. I cannot review the finder of fact's decision and draw different inferences at a habeas petitioner's request. As the state court applied the proper standard, and the decision is more than minimally consistent, I will dismiss claims C and D.

C.   *Ineffective Assistance of Counsel*

In Claim E, the Petitioner argues that his incarceration is invalid because he was denied

his right to effective assistance of counsel for eleven reasons. I dismiss this claim because some of the reasons are procedurally defaulted or not exhausted, and the other claims fail to show either that his lawyer's performance was deficient or that he suffered prejudice as a result.

The Supreme Court developed a two part test for ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 688- 94 (1984). First, the petitioner must show that the attorney's performance at trial was "below an objective standard of reasonableness" in light of prevailing professional norms. *Id.* at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Schmitt v. Kelly*, 189 Fed. Appx. 257, 270 (4th Cir. 2006) (*quoting Strickland*, 466 U.S. at 689). Second, the petitioner must show that the attorney's deficiency prejudiced the defendant's case such that there is a reasonable probability that the outcome of the case would have been different but for counsel's errors. *Strickland*, 466 U.S. at 694. Each prong of the *Strickland* test is a "separate and distinct element of an ineffective assistance claim." *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994) (*citing Strickland*, 466 U.S. at 687).

In the first of eleven items which the Petitioner argues demonstrate ineffective assistance of counsel, I return to the erroneous D.U.I. conviction of a different Christopher Hamilton entered during the sentencing phase of his trial. While there is little doubt that the trial attorney's failure to object to this admission fell "below an objective standard of reasonableness" in light of prevailing professional norms, the Petitioner cannot prove prejudice under the second prong of the *Strickland* test. The record for the D.U.I. conviction that was admitted described on its face a "Christopher Hamilton" who had a different birth date, height, weight, race, hair and eye color than the Petitioner. However, the Petitioner cannot show that he was prejudiced due to his

attorney's failure to strike this piece of evidence because the jury's sentence was not put into effect. The jury considered this erroneous record along with Hamilton's actual record which includes convictions for conspiracy to distribute cocaine and possession of a firearm during a drug trafficking crime, disorderly conduct, and petty larceny. Under Virginia law, the Petitioner faced a minimum of five years on each conviction. Va. Code §§ 18.2-248, 256. The jury recommended a sentence of fifteen years, which the trial court reduced to nine years. Thus, the Petitioner received one year less than what the jury could have imposed at a minimum even if the D.U.I. conviction had been properly excluded.

I find that the Petitioner's claim E2, in which he alleges that his attorney was ineffective in failing to move to suppress evidence seized from his truck on Fourth Amendment grounds, is baseless because such a motion would not have succeeded. The Virginia Supreme Court considered this claim pursuant to his state habeas petition and found that it satisfied neither prong of *Strickland*. Hamilton's attorney was well within the boundaries of professional norms to assume that the motion to suppress would not be worth the effort because the evidence was seized during a valid search of the vehicle incident to arrest. *New York v. Belton*, 453 U.S. 454, 460 (1981) ("when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile"); *Glasco v. Commonwealth*, 257 Va. 433, 438, 513 S.E.2d 137, 140 (1999). Furthermore, the search was valid under the automobile exception to the warrant requirement. *Chambers v. Maroney*, 399 U.S. 42, 48 (1970); *Fore v. Commonwealth*, 220 Va. 1007, 1010-11, 265 S.E.2d 729, 731 (1980). There is no ineffective assistance of counsel when the attorney chooses not to pursue an option with little chance of success. *Washington v. Murray*, 952 F.2d 1472, 1481 (4th Cir. 1991).

In the Petitioner's third claim for ineffective assistance of counsel he argues that his attorney was not diligent in using discovery to obtain and review audio and video tapes of the entire drug operation. I will dismiss portions of this claim on procedural default and exhaustion grounds and the other portions fail *Strickland* analysis. I will address the procedural default and exhaustion first. As mentioned above, habeas claims must fairly presented to the state's highest court prior to federal review. *Gray*, 518 U.S. at 161-62. In order to be "fairly presented," the petitioner must present the substance of his claims during state proceedings by citing the appropriate federal rule and describing the relevant facts. *Id.* at 162-63. In the current petition, Hamilton cites facts that were not fairly presented to the state authorities, and therefore that portion of the claim is barred by procedural default and failure to exhaust state remedies. I refer to Hamilton's claim that his attorney failed to obtain and review recordings of a phone conversation between Mills and Clemmons and of Mills's interrogation. Hamilton claims that this evidence would have revealed other parties participating in the drug transaction and the reason for the change of location, whether Mills was coerced in giving statements and testimony, and other information that could have contradicted Mills's testimony at trial. None of these facts were fairly presented to the state court and they are now exhausted and defaulted for the purpose of federal habeas review.

Turning to the other part of claim E3, Hamilton argues that his attorney's failure to obtain and review the tape which would have shown the terms under which his co-defendant Mills was temporarily released from custody was deficient performance. Hamilton's claim about what information would have been gleaned from the evidence is too speculative and he offers no example of what specific information would have changed the outcome of his trial. *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("an allegation of inadequate investigation does

not warrant habeas relief absent a proffer of what favorable evidence... would have been produced"). While it is possible that the tapes may, as Hamilton alleges, contain information that would undermine the credibility of Mills, it is equally possible that the tapes contain inculpatory or irrelevant material. I cannot grant relief on mere speculation.

Turning to Claim E4, the Petitioner alleges that his attorney was ineffective for failing to file a pre-trial motion to suppress the drug sample and the certificate of analysis for lack of a sufficient chain of custody. Hamilton's counsel did move during the trial to strike the evidence on these grounds, and the court found the chain of custody to be sufficient. In any event, this issue is precluded by an adequate and independent state procedural rule and I dismiss it as exhausted and procedurally defaulted. Va. Code §8.01-654(A)(2); *Bassette*, 915 F.2d at 937.

I find that the Petitioner's claim E5, in which he alleges that his trial counsel was ineffective for failing to subpoena Ronald Alan Knupp and James Albert Slonaker Jr. to testify on his behalf, must fail because it is too speculative. Courts cannot find an attorney ineffective for failing to call a witness when the only evidence of that witness's potential testimony is the Petitioner's conclusory statements. *See, e.g., United States v. Davis*, 939 F. Supp. 810, 814 (D. Kan. 1996) (habeas petitioner cannot support ineffective assistance of counsel claim based on failure to call witnesses when there is no affidavit showing witnesses would have testified); *United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984). Here, Hamilton alleges that Knupp's and Slonaker's testimony would contradict Mills's. However, these statements are unsupported by sworn affidavits and it would be speculative for me to say that Hamilton's attorney was ineffective for failing to call these witness without affidavits showing that these

witnesses would have appeared or that they would testify as Hamilton alleges.[2]

In the Petitioner's claim E6, he alleges that his attorney was ineffective for failing to move for a continuance in order to allow time for subpoenaed defense witnesses to appear at trial. I concur with the Supreme Court of Virginia's decision that this claim satisfies neither prong of the *Strickland* test and therefore should be dismissed. An affidavit submitted by Paul Thompson, Hamilton's trial attorney, shows that he decided not to call Michelle Hamilton, the Petitioner's wife, because her credibility would have been damaged by a probation violation related to her husband and because her testimony "added nothing to the case." The Petitioner states that his wife would have confirmed that he was on the pay phone at the time of the drug transaction, but that fact had already come into evidence through the testimony of a police officer. Mrs. Hamilton's testimony would have been cumulative and an attorney is not ineffective for failing to present cumulative evidence. *Buckner v. Polk*, 453 F.3d 195, 206 (4th Cir. 2006).

In the second portion of claim E6, the Petitioner argues that had she been allowed to testify, witness Patricia Ruffner would have testified to the Petitioner's good character and history of using pay phones at the store where the arrest took place. Again, no affidavit of Ruffner's proposed testimony is present. For the reasons stated above in regards to Knupp and Slonaker, I dismiss this portion of the claim and I need not reach the issue of whether such testimony would have been admissible or whether this portion of the claim was defaulted.

---

[2] The Respondent also argues that the portions of this claim related to Ronald Knupp involve facts that were never fairly presented to the state court and are thus procedurally defaulted. Thus, this claim was never fairly presented to the sate court and is procedurally barred from being presented now by an adequate and independent state procedural rule. Va. Code § 8.01-654(A)(2). Thus, this claim could also be dismissed as procedurally defaulted. *Bassette*, 915 F.2d at 937.

In the Petitioner's claim E7 he argues that his attorney was ineffective for failing to fully review the Pre-Sentence Investigation Report and inform the court that his guideline range was miscalculated by erroneously counting a *nolle prosequi* charge against him. I dismiss this claim because the Petitioner has failed to demonstrate prejudice under *Strickland*. Even if I assume that the Pre-Sentence Report erroneously included a *nolle prosequi* charge, one can only deduct six points from his Nonviolent Risk Assessment without that charge which does not change the ultimate guideline score of a maximum of 32 months. Indeed, the court ultimately sentenced the Petitioner to nine years of active incarceration, and it is specious to argue that the court would have recommended an alternative to incarceration had the guidelines score been adjusted downward.

In claim E8, the Petitioner argues that his attorney's failure to move for a Bill of Particulars was ineffective assistance of counsel. Again, I agree with the Virginia Supreme Court that Hamilton has failed to show prejudice under *Strickland* because he has not shown what specific information would have been revealed by the Bill of Particulars and how this would have changed the outcome of his case. *Beaver*, 93 F.3d at 1195; *see also Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (without a specific, affirmative showing of what the missing evidence or testimony would have been, court cannot determine whether counsel's performance was deficient, nor whether the petitioner was prejudiced).

In ground E9, the Petitioner claims that his attorney was ineffective by failing to obtain pictures of Mills' cellular phone calling records and pictures of the money used in the drug transaction. The portion of this claim regarding the currency was not presented to any state court and is now barred by the state habeas limitations period, which is an adequate and independent state procedural default rule. Va. Code § 8.01-654(A)(2). Thus, this portion of the claim is

procedurally defaulted and dismissed. *Bassette*, 915 F.2d at 937.

Turning to the portion of E9 regarding the cellular phone records, the Petitioner argues that Mills's cellular phone records would have contradicted Mills's testimony and shown that Hamilton was only called long after the informant's original request for cocaine. The presentation of the facts in the Petitioner's federal habeas claim differs from that presented to the Virginia Supreme Court in the state claim, and thus was not been fairly presented to the state court. The habeas limitations period in Virginia would preclude raising this issue now on an independent and adequate state procedural rule. Va. Code § 8.01- 654(A)(2). Thus, this claim is exhausted and defaulted for the purpose of federal habeas review. *Bassette*, 915 F.2d at 937.

In claim E10, the Petitioner argues that his attorney was ineffective for failing to move for a change of venue or objecting to the improper change of venue from Frederick to Clarke county. I agree with the Supreme Court of Virginia that this claim does not satisfy the *Strickland* test because venue was proper in Clarke County. Hamilton acknowledges that the crime took place in Clarke County. Venue is proper in the county where the offense was committed. Va. Code § 19.2-244. Hamilton's attorney cannot be found ineffective for failing to file motions or raise objections regarding the venue as these would have been a futile gestures. *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005).

Finally, in claim E11, the Petitioner argues that his attorney was ineffective for failing to fully investigate the charges and agreements between the Commonwealth and the witnesses Mills and Clemmons in order to discover what incentives the Commonwealth had offered the co-defendant and informant in exchange for testifying in this case. The Virginia Supreme Court rejected this claim on the merits because Hamilton's attorney did elicit testimony from both Mills

and Clemmons about the leniency they received in exchange for testifying. In this petition, Hamilton raises different facts in support of this claim. I find that this claim was therefore never fairly presented to the Virginia Supreme Court. This claim is now barred by the state habeas limitations period, which is an adequate and independent state procedural default rule. Va. Code § 8.01-654(A)(2). Thus, this portion of the claim is procedurally defaulted and dismissed. *Bassette*, 915 F.2d at 937.

## IV. CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss the Petition for Habeas Corpus shall be **GRANTED**.

ENTERED this 21st day of June, 2007.

*[signature]*
Senior United States District Judge